**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ADDISON AUTOMATICS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD CASUALTY INSURANCE CO. )<br>and TWIN CITY FIRE INSURANCE CO., )<br>)<br>Defendants. ) | Case No. 13-cv-1922<br><br>Hon. John Z. Lee |

**ORDER**

On August 13, 2010, Plaintiff Addison Automatics ("Addison") filed a putative class action against Domino Plastics, Inc. ("Domino") in the Circuit Court of Cook County, alleging that Domino had sent unsolicited faxes to the class in violation of the Telephone Consumer Protection Act and the Illinois Consumer Fraud Act. (Compl. at ¶ 8.) Domino and the putative class subsequently entered into a settlement agreement, whereby Domino agreed to the entry of a judgment in the amount of $17,751,363.81. (*Id.,* Ex. C at 4.) Domino also agreed to assign "to the Class (as represented by Plaintiff and its attorneys)" all of Defendant's claims against and rights to payments from certain insurance policies issued by Defendants Hartford Casualty Insurance Company and Twin City Fire Insurance Company ("Defendants"). (*Id.*, Ex. C at 5.) The settlement and associated settlement class (the "State Class") was approved by the Circuit Court. (*Id*. at ¶ 14; Ex. D.) Addison was appointed as the class representative, and its attorneys (the same attorneys who represent Addison in this action) were appointed as class counsel. (*Id.*, Ex. D at ¶ 4.)

With the judgment and assignment in hand, on February 21, 2013, Addison filed a declaratory judgment complaint against Defendants Hartford Casualty Insurance Company and Twin City Fire Insurance Company ("Defendants") in the Circuit Court of Lake County seeking a declaration that Defendants have a duty to defend and indemnify Domino in connection with the class action lawsuit. As asserted in the Complaint, Addison filed the action solely on its own behalf and not on behalf of the State Class. Defendants timely removed the case to this Court pursuant to 28 U.S.C. § 1446 and, presumably, under 28 U.S.C. § 1453(b), asserting that federal jurisdiction was proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"). Addison in turn filed a motion to remand, arguing that, because the lawsuit was filed only on behalf of itself and not on behalf of the State Class, CAFA did not apply. For the reasons below, the Court grants Addison's motion and remands the case to the Circuit Court of Lake County.

**Discussion**

As a foundational matter, "the federal courts are courts of limited jurisdiction, and we have an obligation at each stage of the proceedings to ensure that we have subject matter jurisdiction over the dispute." *Nebraska Rural Elec. Membership v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). Moreover, "[f]or jurisdictional purposes, our inquiry is limited to examining the case 'as of the time it was filed in state court.'" *Id.* at 1349 (quoting *Wisconsin Dep't of Corrs. v. Schacht*, 524 U.S. 381, 390 (1998)). As the party invoking federal jurisdiction by seeking removal under CAFA, Defendants have the burden of establishing the general requirements of CAFA jurisdiction. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012); *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) ("The party invoking federal jurisdiction bears the burden of demonstrating its

existence."). Finally, it is helpful to bear in mind that, even in cases where CAFA may apply, "[r]estraint is … appropriate in light of the Supreme Court's directive that removal statutes should be 'strictly construed.'" *LG Display Co. v. Madigan*, 665 F.3d 768, 774 (7th Cir. 2011) (quoting *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)); *see also Brown v. Jevic*, 575 F.3d 322, 325 (3d Cir. 2009) (same).

Here, CAFA is the sole basis for federal jurisdiction asserted by Defendants. "CAFA provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, -- U.S. --, 133 S. Ct. 1345, 1348 (2013) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)). Under CAFA, strict diversity of citizenship is not required. Pursuant to 28 U.S.C. § 1453(b), class actions "may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought . . ." 28 U.S.C. § 1453(b).

The crux of this dispute is whether the present lawsuit constitutes a "class action" removable under CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Addison's Complaint asserts a claim only on behalf of Addison and expressly disavows that it is asserting a class action under either 735 ILCS 5/2-801 or Fed. R. Civ. P. 23. (Compl. at ¶ 5.) Defendants nevertheless argue that federal jurisdiction should attach for two reasons. First, Defendants contend that, despite Addison's protestations to the contrary, the action should be construed as a class action, because the relief sought (assuming Addison

3

prevailed) would inure to the benefit of the entire State Class. Second, according to Defendants, this lawsuit must be treated as a class action (and not as an action brought by Addison on its own behalf), because the assignment of Domino's rights was to the entire State Class and, as a result, Addison does not have standing to assert an individual claim. Neither of Defendants' arguments is persuasive.

First, by its very terms, the Complaint does not assert a class action as defined under CAFA. In fact, the Complaint expressly states that it "is not a class action" and that "[i]t is not filed under 735 ILCS 5/2-801, Federal Rule of Civil Procedure 23, or any similar statute or rule of judicial procedure." (Compl. at ¶ 5.) Although Defendants believe this statement is nothing but a ruse to escape federal jurisdiction, "plaintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *J.B. ex rel. Benjamin v. Abbott Labs, Inc.*, No. 12-cv-385, 2012 WL 1655980, at *2 (N.D. Ill. May 9, 2012) (citing *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010) ("plaintiffs are permitted to structure their actions and claims in a way that avoid removal and remain outside the CAFA grant of federal jurisdiction.")). As a result, jurisdiction does not exist under CAFA for the present action. *See LG Display*, 665 F.3d at 772 (finding that, to trigger jurisdiction under CAFA, "[a] class action must be brought under Rule 23 or the state equivalent"); *see also New Jersey Dental Ass'n v. Met. Life Ins. Co.*, No. 10-2121, 2010 WL 3811305, at *3 (D.N.J. Sept. 21, 2010) (remand appropriate where removed suit not brought as a class action and did "not invoke any state or federal class action rules."). The principal case upon which Defendants rely, *Travelers Property Casualty v. Good*, 689 F.3d 714 (7th 2012), is readily distinguishable

because the state court proceeding discussed in that case was brought originally "on behalf of the . . . class." *Id.* at 723.

It should be noted, however, that Addison's strategic decision to file a claim only on behalf of itself is not without risks, which brings us to Defendants' second argument. As Defendants point out, it is entirely unclear whether Addison has standing to bring an individual claim based upon the assignment, which was executed between Domino and the entire State Class. Furthermore, even assuming that Addison were to prevail in this action and judgment entered in its favor, it is uncertain whether and to what extent any of the other State Class members would be able to enforce the judgment in order to obtain their portions of the indemnification proceeds (for example, if Defendants were to settle with Addison in exchange for an agreement not to pursue the judgment). Additionally, as the court-appointed representative of the State Class, whether and to what extent Addison (and its counsel) still owe duties to the State Class in prosecuting this lawsuit is also unclear. However, because federal jurisdiction is lacking in the first instance, all of these issues are more properly raised before the Circuit Court of Lake County where jurisdiction lies. In the event, for example, that the Circuit Court determines that Addison lacks standing on its own to pursue this action, Addison presumably will bring the action on behalf of the entire class, which in turn may potentially trigger federal jurisdiction under CAFA. But that issue is not before us today.

## Conclusion

Because the Court discerns no basis for federal jurisdiction on the record before it, Addison's motion for remand [17] is granted.  However, the Court does not find Defendants' notice of removal to have been filed in bad faith, and, given the complex nature of the underlying state court proceedings, Addison's request for attorneys' fees and costs pursuant to 28 U.S.C. §1447(c) [17] is denied.  In light of this order, Intervenor Defendant Twin City Fire Insurance Company's motion to intervene [7] is stricken as moot.

**SO ORDERED**               ENTER:   6/25/13

_____
**JOHN Z. LEE**
**U.S. District Judge**