IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADDISON AUTOMATICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-CV-1922 |
| ) | |
| HARTFORD CASUALTY INSURANCE ) | |
| COMPANY and TWIN CITY FIRE INSURANCE ) | |
| COMPANY. ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED DECLARATORY JUDGMENT COMPLAINT**

NOW COMES the Plaintiff, ADDISON AUTOMATICS, INC. ("Addison"), by and through its attorneys, and complains of the Defendants, HARTFORD CASUALTY INSURANCE COMPANY and TWIN CITY FIRE INSURANCE COMPANY (collectively, "Hartford"), as follows:

**NATURE OF ACTION**

1. This is an action for declaratory relief.

2. Plaintiff seeks a declaration by this Court concerning the rights and obligations under the commercial general liability insurance policies issued by Hartford to Domino Plastics, Inc. ("Domino").

**JURISDICTION AND VENUE**

3. Personal jurisdiction exists over Defendants because Hartford transacts business in Illinois.

4. Venue is proper in this judicial district because Hartford does business in this judicial district. Nonetheless, venue would be superior in the Eastern District of New York because the claims at issue are governed by New York law.

1

5. Addison has maintained that subject matter jurisdiction over this matter does not exist because the value of Addison's claim is less than $75,000 and the claims of other persons affected by the declaratory judgment sought herein may not be aggregated to satisfy the federal amount in controversy requirement. *See Travelers Property Cas. Co. v. Good*, 689 F.3d 714 (7th Cir. 2012). This is not a class action. It is not filed under 735 ILCS 5/2-801, Federal Rule of Civil Procedure 23, or any similar statute or rule of judicial procedure. It is an individual declaratory judgment action brought by Plaintiff against Hartford to recover the judgment entered in favor of Plaintiff and the class in the Underlying Action.

6. The Seventh Circuit Court of Appeals has held that subject matter jurisdiction exists in spite of the above because Addison seeks in this action to recover the underlying class judgment.

## PARTIES

7. Plaintiff is an Illinois corporation with its principal place of business in Illinois.

8. On information and belief, Hartford Casualty Insurance Company is an Indiana insurance corporation, licensed to do business in Illinois, with its principal place of business in Connecticut.

9. On information and belief, Twin City Fire Insurance Company is an Indiana insurance corporation, licensed to do business in Illinois, with its principal place of business in Connecticut.

## THE UNDERLYING LAWSUIT

10. On August 13, 2010, Plaintiff instituted a civil class action captioned "Addison Automatics, Inc. v. Domino Plastics, Inc. et al," Case No. 10 CH 34958, in the Circuit Court of Cook County, Illinois (the "Underlying Action"). The First Amended Underlying Complaint is attached as Exhibit A.

11. In the Underlying Action, Plaintiff sought relief on behalf of itself and a class of similarly situated plaintiffs who also received unsolicited faxes from Domino.

12. The Underlying Complaint alleged that Domino violated the Telephone Consumer Protection Act ("TCPA") and the Illinois Consumer Fraud Act ("ICFA"), and committed common law conversion by sending unsolicited faxes to Plaintiff and hundreds of others.

13. The Underlying Complaint further alleged that Domino knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

14. Domino tendered the defense of the Underlying Action to Hartford, and Hartford disclaimed its duty to defend and refused the tender. Hartford's denial letter is attached as Exhibit B.

15. The parties to the Underlying Action then reached a classwide settlement agreement that included Domino assigning its rights under the Hartford policies to Addison. *See* Settlement Agreement, attached as Exhibit C.

16. On December 17, 2012, following preliminary approval, notice to the class, and fairness hearings, the Court in the Underlying Action entered final judgment in favor of Addison and against Domino. A copy of the Judgment Order is attached as Exhibit D.

17. That Judgment made the following specific findings based upon the evidence in the record and statements made in open court:

> (a) The settlement was made in reasonable anticipation of possible liability which would arise from a finding that Defendant ordered thousands of fax advertisements to be sent without receiving prior express permission and without the opt out notice required by 64 C.F.R. 1200;

3

  (b)  The settlement amount is fair and reasonable because it is within the range of statutory damages that could be awarded for the claims made by the Class;

  (c)  Defendant's decision to settle conforms to the standard of a prudent uninsured because of the risk of an adverse judgment and the cost of defense;

  (d)  The damages amount agreed to is what a reasonably prudent person in Defendant's position would have settled for on the merits of the claims in the Litigation because discovery has produced evidence supporting Plaintiff's allegations that Defendant sent unsolicited faxes and the judgment amount is within the amount of statutory damages that could be awarded;

  (e)  Defendant successfully sent over 25,000 advertising faxes between January 1, 2007 and May 30, 2007, over 25,000 fax advertisements between July 1, 2007 and July 30, 2007, and over 95,000 fax advertisements between February 1, 2008 and October 30, 2008 which did not contain the opt out language required pursuant to 64 C.F.R. 1200;

  (f)  Defendant tendered this lawsuit to Hartford for defense and indemnity;

  (g)  Hartford has refused to defend or indemnify;

  (h)  Defendant believed that by sending advertisements to persons whom had previously contacted Defendant, by putting opt out language on each ad and complying with opt out requests, that it was sending advertisements to persons who had provided express permission to do so, and

  (i)  Defendant did not intentionally, willfully or knowingly violate the TCPA.

18.  The Judgment certified a settlement class with Domino as the class representative.

19. The Judgment was entered against Domino in the total amount of $17,751,363.81, representing $15,000,000.00 plus prejudgment interest in the amount of $2,751,363.81 on all claims.

20. The Judgment provided that the Judgment award was to be satisfied only through the proceeds of Domino's insurance policies, including the Hartford Policies.

21. The Judgment also provided that Plaintiff and Plaintiff's attorneys can recover incentive awards and fees, respectively, from any recovery against Domino's insurers.

### Domino's Hartford Policies

22. Upon information and belief, Hartford issued annual Commercial General Liability and Umbrella insurance policies that provided liability coverage to Domino (the "Policies"). In the Underlying Action, Domino produced copies of one such set of policies, numbered 12 UUN EO4099 (Primary) and 12 RHU EO3658 (Umbrella), with effective dates of November 18, 2007 to November 18, 2008. The copies of these policies are attached as Exhibit E.

23. To the extent that discovery in this action establishes that there are additional policies, or that there are different, or additional, terms in the Policies, Plaintiff reserves the right to amend its Complaint to reflect the new information or evidence.

### COVERAGE FOR THE CLAIMS IN THE UNDERLYING ACTION

24. Upon information and belief, the Policies offer coverage for damages because of "property damage" and "personal and advertising injury." The "property damage" coverage includes both coverage under the policy's general aggregate limits and "products-completed operations" coverage, which has a separate policy limit.

I. **Property Damage (Including Products-Completed)**

25. Upon information and belief, the Policies offer coverage to Domino for its liability for property damage "caused by an 'occurrence' that takes place in the 'coverage territory'" during the policy period.

26. Upon information and belief, the Policies define property damage as "a. Physical injury to or destruction of tangible property, including all resulting use of that property. … or b. Loss of use of tangible property that is not physically injured. …"

27. Upon information and belief, the Policies define "occurrence" in the context of "property damage" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions."

28. Upon information and belief, the Policies define "coverage territory" as including "a. The United States of America…"

29. Plaintiff and the other members of the underlying class received unsolicited faxes from Domino during the policy periods of the Policies.

30. The unsolicited faxes were sent by Domino and received by Plaintiff and the other underlying class members within the United States.

31. The unsolicited faxes Plaintiff and the other underlying class members received physically injured their personal property, including but not limited to fax toner and paper.

32. The unsolicited faxes Plaintiff and the other underlying class members received caused them to lose the use of their personal property, including but not limited to the use of their fax machines during the fax transmissions.

33. To the extent not sent with a specific intent to wrongfully take possession of Plaintiff's and other underlying class members' property, or to violate the TCPA, the unsolicited

6

faxes meet the policy definition of "accident"—which, on information and belief, the Policies do not define.

34. Upon information and belief, the Policies offer coverage to Domino for his liability for property damage both included and not included within the "products-completed operations hazard."

35. Upon information and belief, the Policies define "products-completed operations hazard" as including all "'property damage' arising out of 'your product' or 'your work' except products that are still in your physical possession or work that has not yet been completed or abandoned. The…'property damage' must occur away from premises you own or rent…."

36. Upon information and belief, the Policies define "your product" as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by (a) you; [or] (b) others trading under your name...."

37. Upon information and belief, the Policies' definition of "your product" explicitly "[i]ncludes: (1) [w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of" "your product."

38. Upon information and belief, the Policies define "your work" as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations."

39. Upon information and belief, the Policies' definition of "your work" explicitly "[i]ncludes: (1) [w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of" "your work."

40. The property damage caused by Domino's unsolicited faxes occurred at the premises of Plaintiff and the other underlying class members.

7

41. The unsolicited faxes were goods distributed by Domino or someone acting in Domino's name.

42. Domino's fax advertising program was part of its operations and was undertaken by Domino or on its behalf.

43. The unsolicited faxes were materials furnished in connection with Domino's operations.

44. The unsolicited faxes contained representations made about fitness, quality, durability, and/or performance of Domino's services.

45. Therefore, any property damage caused by the unsolicited faxes is covered under the Policies' products-completed operations hazard.

## II. Personal and Advertising Injury

46. Upon information and belief, the Policies offer coverage to Domino for its liability for personal and advertising injury "caused by an offense arising out of your business operations" that "was committed in the 'coverage territory' during the policy period."

47. Plaintiff repeats and realleges the allegations contained in Paragraphs 28-30.

48. Upon information and belief, the Policies define "personal and advertising injury" as including "injury ... arising out of … [o]ral or written publication, in any manner, of material that violates a person's right of privacy."

49. Domino's transmission of unsolicited faxes arose out of its business.

50. Domino's transmission of unwanted unsolicited faxes to Plaintiff and the other underlying class members constitutes the publication of material that violates Plaintiff's and the other underlying class members' right of privacy.

## III. Estoppel

51. Plaintiff repeats and realleges the allegations contained in Paragraphs 1-49.

52. Hartford was required to defend Domino in the Underlying Action.

53. Hartford did not defend Domino and did not file a declaratory judgment action to determine its duty to defend, and a Final Judgment was entered against Domino.

54. Therefore, Hartford is estopped from raising policy defenses to indemnity.

55. For the reasons stated herein, Plaintiff is entitled to a declaration from this Court that the Policies afford coverage for the damages awarded in the Underlying Action and that Hartford had a duty to defend and indemnify Domino in the Underlying Action.

56. The contentions of Plaintiff in Paragraph 54 are, on information and belief, denied by Hartford who, in turn, contends that Domino is not entitled to defense or indemnity under the Policies in the Underlying Action. Plaintiff, in turn, denies the contrary contentions of Hartford and each of them.

57. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or Order of this Court. This Court has the power to declare and adjudicate the rights and liabilities of the parties.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., prays that this Court enter an order as follows:

A) Declaring that the Policies required Hartford to defend Domino in the Underlying Action; and

B) Declaring that the Policies require Hartford to indemnify Domino for the Judgment entered against it in the Underlying Action.

ADDISON AUTOMATICS, INC.,


By: s/David M. Oppenheim
One of its Attorneys


## CERTIFICATE OF SERVICE

      I hereby certify that on December 13, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.


s/David M. Oppenheim
Attorney for Plaintiff


Brian J. Wanca  
David M. Oppenheim  
Jeffrey A. Berman  
ANDERSON + WANCA  
3701 Algonquin Road, Suite 760  
Rolling Meadows, IL  60008  
Telephone:  847/368-1500  

Phillip A. Bock  
BOCK & HATCH, LLC  
134 N. LaSalle Street, Suite 1000  
Chicago, IL  60602  
Telephone:  312/658-5500