# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADDISON AUTOMATICS, INC. ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 13-cv-1922 |
| v. ) | |
| ) | The Honorable John Z. Lee |
| HARTFORD CASUALTY INSURANCE CO. ) | |
| and TWIN CITY FIRE INSURANCE CO., ) | Magistrate Judge Schenkier |
| ) | |
| **Defendants.** ) | |

## ORDER

Defendants Hartford Casualty Insurance Co. and Twin City Fire Insurance Co. have filed a motion to dismiss Plaintiff Addison Automatics, Inc.'s second amended complaint. In support, Defendants adopt Plaintiff's position that the Court lacks jurisdiction to hear this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453, because Plaintiff has not brought this case as a class action. In support, Defendants point to various statements contained in Plaintiff's Amended Complaint where Plaintiff denies it is bringing suit as a class action. *See* dkt. 54 at 3-4 (citing 2d Am. Compl. ¶¶ 5-6). Defendants' arguments, however, are contradicted by the Seventh Circuit's mandate.

Whatever the tenor of Plaintiff's Amended Complaint, the Seventh Circuit unequivocally has determined that this is a class action, conferring jurisdiction under CAFA. *See Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740, 742 (7th Cir. 2013) (holding that this case was "in substance a class action . . . notwithstanding Addison's artificial attempt to disguise the true nature of the suit"). The metes and bounds of the class at issue here is the same class that was certified in the underlying state proceeding (Case No. 10-CH-34958 in the Circuit Court of Cook County, Illinois). *See Addison*, 731 F.3d at 743-44 ("the class has been and remains

certified pursuant to Illinois law, and Addison and its counsel are responsible for trying to obtain relief on the class's behalf under the very assignment Addison now wants to pursue for itself.'"). What is more, the Seventh Circuit has instructed this Court to conduct "proceedings on the merits of Addison's claims." Dkt. 39. That is what the Court will do.

Defendants' present arguments are all the more puzzling because they have consistently and vehemently argued to this Court and the Seventh Circuit that this lawsuit was, in fact, a class action warranting the Court's exercise of federal jurisdiction under the CAFA, 28 U.S.C. §§ 1332(d) and 1453. Defendants' about-face cannot be countenanced. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 395 (7th Cir. 2011) ("a party who prevails on one ground in a prior proceeding cannot turn around and deny that ground in a later proceeding").

The motion to dismiss is denied.

Dated: May 22, 2014 /s/ John Z. Lee
United States District Court Judge